UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : | |
| | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMAND |
| SAFELITE FULFILLMENT, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**COMPLAINT**

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Jillian Hulse ("Hulse") and a class of female job applicants (the "Class") who were adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Safelite Fulfillment, LLC, ("Safelite") unlawfully discriminated against Hulse and the Class when it failed to hire them for Technician positions at its locations based on their sex. Moreover, Safelite engaged in a pattern or practice of unlawful discrimination by denying female job applicants Technician positions at its locations based on their sex, also in violation of Title VII.

1

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1), (3), and 707(e) of Title VII, 42 U.S.C. 2000e-5(f)(1), (3), and 42 U.S.C. § 2000e-6(e) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division and throughout the United States.

## PARTIES

3.      The EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1), (3) and 707(e) of Title VII, 42 U.S.C. § 2000e-5(f)(1), (3) and 42 U.S.C. §§ 2000e-6(e).

4.      At all relevant times, Safelite, a Delaware limited liability company, has continuously been doing business in the state of Georgia and has continuously employed at least 15 employees.

5.      At all relevant times, Safelite has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

2

## ADMINISTRATIVE PROCEDURES

6.    More than thirty days prior to the institution of this lawsuit, Hulse filed a Charge of Discrimination with the EEOC alleging violations of Title VII by Safelite.

7.    More than thirty days prior to the institution of this lawsuit, a Commissioner's Charge of Discrimination was filed alleging violations of Title VII by Safelite.

8.    On April 9, 2025, the EEOC issued Safelite a Letter of Determination on Hulse and the Commissioner's Charges of Discrimination finding reasonable cause to believe that Title VII had been violated and inviting Safelite to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.    The EEOC engaged in communications with Safelite to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.    On February 18, 2026, the EEOC issued to Safelite a Notice of Failure of Conciliation advising Safelite that the EEOC was unable to secure from it a conciliation agreement acceptable to the EEOC.

11.    All conditions precedent to the institution of this lawsuit have been fulfilled.

3

**STATEMENT OF FACTS**

12.    Safelite is a national auto glass repair and replacement company that has locations in all 50 states. Safelite's services are available to more than 96% of drivers in the United States.

13.    Safelite employs people in several job titles, including Technician.

14.    Technicians install and repair auto glass and recalibrate automotive safety systems.

15.    Safelite's required qualifications for the Technician position are minimal and it encourages applicants to apply even if they do not meet every requirement.

16.    Safelite requires Technicians to be 18 years old or older with a valid state-issued driver's license; be comfortable working outside and on their feet; be flexible on start and end times to accommodate customer needs; be able to regularly lift up to 35 pounds and occasionally lift up to 50 pounds; preferably possess a high school diploma/GED/equivalent; and possess the ability to read and write.

17.    Safelite requires job applicants to answer certain questions to determine if they meet the minimum qualifications and they are also required to take an assessment at the end of their job application.

18.    Applicants who meet the minimum qualifications and pass the assessment are sent to the Store Manager who then decides who to interview.

19. If an applicant makes it to an interview with a Store Manager, it means Safelite determined they met its minimum qualifications.

20. Safelite's Store Managers make the hiring decisions for Technicians for the stores they manage. While Safelite provides Store Managers with certain guidelines, Safelite delegates to Store Managers the power to make hiring decisions and grants them complete autonomy.

21. For example, Safelite encourages Store Managers to interview the applicants who score the highest on the required assessments first, but they are not required to do so.

22. After the interviews, Store Managers decide who to hire and notify Talent Acquisition, which then makes a job offer contingent on a clean background check and drug test.

## I. HULSE FACTS

23. Hulse is female.

24. In or about 2018, Hulse applied for a Technician position with Safelite's Norcross, Georgia location.

25. Hulse met the minimum qualifications and advanced to an interview with the Norcross, Georgia location Store Manager.

26. At the end of the interview, the Store Manager said, "I don't like hiring females, it never works out."

27. The Store Manager also told Hulse that he would refer her for a non-Technician position taking phone calls.

28. However, Hulse was not offered any position with Safelite.

29. In or about May 2021, Hulse again applied for a Technician position with Safelite's Buford, Georgia location.

30. A woman conducted a telephone pre-interview with Hulse and determined that she met the minimum qualifications for the position.

31. Hulse was then scheduled for an interview with the Buford, Georgia location Store Manager.

32. On or about June 15, 2021, Hulse was interviewed by the Store Manager.

33. During the interview, the Store Manager stressed to Hulse that the Technician position was a physical and very exhausting job and asked Hulse why she was interested in the job.

34. Hulse assured the Store Manager that she was very familiar with the nature of the position because her husband worked as a Technician for Safelite.

35. At the end of the interview, the Store Manager told Hulse that the plan was to start her at the Conyers, Georgia location as long as her background check came back clear at the end of the week.

36. As such, Hulse believed that she was going to be hired for the

Technician position.

37.    However, two days later, Hulse received a generic email stating that she was not a good fit for the position and that she would not be hired for the Technician position.

38.    Hulse contacted the Store Manager to inquire why she was not hired and he responded, "I don't know, things happen, maybe other people were more qualified."

39.    Since Store Managers have autonomy and the final say in hiring for their stores, if Hulse was not hired, it was the Store Manager's decision and he knew the reason why she was not hired.

40.    On or about June 30, 2021, about two weeks after Hulse was rejected, her husband, who was a Safelite employee at the time, sent her pictures of the trainees who were hired and who were starting their training, and they were all male.

41.    Hulse was qualified for the Technician position for which she applied.

42.    Safelite refused to hire Hulse because of her sex, female.

43.    Instead of hiring Hulse, Safelite hired male applicants.

## II. APPLICANT CLASS FACTS

44.    There is a class of female applicants ("Applicant Class") who applied for Technician positions with Safelite at several of its locations across the United States.

7

45.    The Applicant Class were all qualified for the Technician position.

46.    The Applicant Class who received interviews are by definition qualified for the Technician position because they would not have received an interview if they did not meet Safelite's minimum qualifications.

47.    During the interviews with members of the Applicant Class, multiple Store Managers made explicit or implicit statements that Safelite does not hire women for Technician positions.

48.    For example, one applicant was told, "They don't hire females for the position."

49.    Another applicant was told "this [was] a man's job and they'd prefer if [she] applied elsewhere or to a lower position."

50.    A third applicant reported that "[t]heir response was they was looking for a male who could lift up to 75 [pounds], and I didn't qualify to work there, I couldn't be trained [and] I needed more experience."

51.    Another applicant stated she was told it did not seem like she "would be able to handle the position because of [her] size" and that "she didn't look like she would be able to handle the job requirements", even though she had previous experience as a mechanic.

52.    Upon information and belief, qualified female applicants were denied Technician positions at a higher rate by Safelite as compared to equally or less

qualified male applicants.

53.    Upon information and belief, female applicants who scored highest on the required assessments were disproportionately denied Technician positions by Safelite not only as compared to male applicants who also scored highest but also when compared to male applicants who scored only average or lower on the required assessments.

54.    Upon information and belief, Safelite hired less qualified male applicants for the Technician positions sought by the Applicant Class.

55.    Upon information and belief, Safelite's intentional discrimination against women during the hiring process has resulted in statistically significant hiring shortfalls for women in Technician positions.

## **STATEMENT OF CLAIMS**

### **Title VII-Sex Discrimination in Hiring**

56.    Since at least December 2020, Safelite has engaged in unlawful employment practices at its facilities in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) by subjecting Hulse and the Applicant Class to unlawful discrimination in hiring based on their sex.

57.    The EEOC realleges and incorporates by reference the allegations set forth in paragraphs 1 through 56 as if fully asserted herein.

58.    Safelite has engaged in, and continues to engage in, a pattern or practice

of discrimination based on sex, in violation of Title VII, designed to exclude qualified female applicants from Technician positions and maintain a male-dominated workforce of Technicians.

59. Safelite has publicly admitted that fewer than 5% of its Technicians were female.

60. Safelite has maintained, and continues to maintain, a hiring process for Technicians through which Safelite intentionally denies employment opportunities to qualified female job applicants because of their sex.

61. Safelite's discriminatory hiring process adversely impacts women applying for Technician positions because of their sex.

62. The effect of the practices complained of above has been to deprive Hulse and the Applicant Class of equal employment opportunities because of their sex.

63. The unlawful employment practices complained of above were and are intentional.

64. The unlawful employment practices complained of above were and are done with malice and/or reckless indifference to the federally protected rights of Hulse and the Applicant Class.

## **PRAYER FOR RELIEF**

WHEREFORE, the EEOC respectfully requests that this Court:

10

A.      Grant a permanent injunction enjoining Safelite, its officers, members, managers, successors, assigns and all other persons in active concert or participation with it, from engaging in any employment practices that discriminate against female job applicants, including failing to hire them into positions for which they are qualified based on their sex.

B.      Order Safelite to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Safelite to make Hulse and the Applicant Class whole by providing appropriate back pay with pre-judgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Safelite to make Hulse and the Applicant Class whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.      Order Safelite to make Hulse and the Applicant Class whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety,

11

stress, and humiliation, in amounts to be determined at trial.

F.    Order Safelite to pay punitive damages to Hulse and the Applicant Class for Safelite's malicious and/or reckless conduct described above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

CATHERINE L. ESCHBACH
Acting General Counsel

CHRISTOPHER W. LAGE
Deputy General Counsel

131 M Street, N.E.
Washington, D.C. 20507

*/s/Marcus G. Keegan*
MARCUS G. KEEGAN
Regional Attorney
Georgia Bar No. 410424
Tel.:   (470) 531-4831
Fax:   (404) 562-6905
Email: marcus.keegan@eeoc.gov

*/s/Lakisha Duckett Zimbabwe*
LAKISHA DUCKETT ZIMBABWE
Assistant Regional Attorney

Georgia Bar No. 231641
Tel.:   (470) 531-4834
Fax:   (404) 562-6905
Email: lakisha.duckett-zimbabwe@eeoc.gov

STEVEN A. WAGNER
Senior Trial Attorney

EEOC - Atlanta District Office
100 Alabama St., S.W, Suite 4R30
Atlanta, Georgia 30303

13